```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                  :
LILLY FENNER
                                  :
     v.                           :  Civil Action No. DKC 2006-1259
                                  :
CREATIVE HAIRDRESSERS, INC.,
ET AL.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are: (1) the motion of Defendants Creative Hairdressers, Inc. and Ratner Companies to dismiss for failure to state a claim (paper 6) and (2) the motion of Plaintiff Lilly Fenner to file an amended complaint (paper 20). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant in part Defendants' motion to dismiss and will grant Plaintiff's motion to amend the complaint.

**I. Background**

Plaintiff, an African-American, claims that she has been injured by Defendants' negligence in hiring, retaining, supervising, and training employees at Hair Cuttery brand salons, which are operated by Defendants. She alleges that she was denied service at two Hair Cuttery salons based on her race, as a result of Defendants' negligence. She also claims that she has been subjected to race discrimination in violation of county ordinances enacted by Prince George's County and Montgomery County, Maryland.

The following statement of facts is based on Plaintiff's complaint, and is presented in the light most favorable to Plaintiff.

On approximately March 12, 2004, Plaintiff visited a Hair Cuttery salon in Chevy Chase, Maryland, and requested a "wash, blow dry, and curl." (Paper 2, at 2). All of the employees at the salon were Caucasian. Plaintiff waited at the counter without being greeted or recognized by the salon employees for ten minutes, although some of the employees were not serving other clients. Plaintiff stated that she wanted to get her hair done. An employee responded "'I do not do black hair because it is very course. I only do white hair.'" (*Id.* at 3). Plaintiff insisted that the employee "'should be able to do everyone's hair,'" and the employee went back to sweeping the floor, stating, "'Have a nice day, ma'am.'" (*Id.*). Plaintiff left the salon without receiving the services she had sought.

Later, in November 2004, Plaintiff visited a Hair Cuttery salon located on Route 1, in College Park, Maryland, where she asked to have her hair washed and curled. An employee responded that "'I do not know how to do black hair. A black girl will be here at 4:00. I do not know how to do black hair'." (*Id.*). Plaintiff again left the salon without receiving the services she requested. Plaintiff alleges that she "lost time from work" as a result of the refusal to style her hair in November 2004. (*Id.*).

Plaintiff filed her complaint, couched as a class action, in the Circuit Court for Prince George's County, Maryland, on April 5, 2006. The case was removed to this court by Defendants on May 17, 2006, based on diversity of citizenship. The complaint includes three counts, although only Counts I and II allege substantive claims for relief. In Count I, Plaintiff alleges that Defendants were negligent in hiring, retaining, supervising, and training their salon employees, which led to racial discrimination against Plaintiff. In particular, Plaintiff alleges that the negligent training and supervision aspect of this tort included a failure to train salon employees to style the hair of African-American clients. Count II asserts race discrimination in the provision of public services, in violation of the county ordinances of Montgomery and Prince George's counties. Count III, entitled "Class Action Allegations," recounts similar allegations of race discrimination at Hair Cuttery salons made by other potential class members, but is not asserted as an independent basis for relief. Plaintiff seeks $100,000 in compensatory damages and $450,000 in punitive damages for herself, and each member of the putative class.

**II. Motion to Amend Complaint**

Plaintiff moves to amend her complaint to add an additional count, alleging intentional discrimination in the formation of a contract under 42 U.S.C. § 1981. Plaintiff is entitled to amend

her complaint once as of right, without leave of court, under Fed.R.Civ.P. 15(a) because no responsive pleading has been filed with respect to her original complaint.

Defendants argue that any amendment to the complaint would require a change to a scheduling order they contend was previously issued in this case. This argument is unpersuasive because no scheduling order has been issued. The "Tentative Scheduling Order" (paper 9) upon which Defendants rely was submitted to counsel along with a cover letter indicating that the proposed schedule would be discussed during a telephone conference scheduled for June 12, 2006. The cover letter was signed by the court, but the Tentative Scheduling Order was not signed. (Paper 9, at 5). This telephone conference was later cancelled by the court. (Paper 13). The Tentative Scheduling Order was never signed or docketed as an order, and no other scheduling order has been entered by the court. Therefore, Plaintiff's amendment does not require the modification of a scheduling order, and Plaintiff may amend the complaint once, as of right, without leave of court.

The proposed amended complaint submitted by Plaintiff is deficient with regard to the requirements of Local Rule 103.6(c). Plaintiff has not submitted a redline version of the proposed amended complaint, nor has she submitted a complete copy of the complaint as she proposes to amend it; the proposed amended complaint incorporates the claims and allegations of the original

4

complaint only by reference.  The clerk will be directed to file Plaintiff's amended complaint, but Plaintiff will be directed to file a second amended complaint, within 10 days, that incorporates the allegations of the initial complaint in the text of the amended complaint and conforms to the format requirements of Local Rule 103.6(c).

**III. Motion to Dismiss**

**A. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v.*

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint.  The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action."  *Abadian v. Lee,* 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc., v. Forbes, Inc.,* 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd,* 151 F.3d 180 (4th Cir. 1998)).  When doing so, the court need not convert a Rule 12(b)(6) motion to dismiss to one for summary judgment so long as it does not consider matters "outside the pleading."  *See* Fed.R.Civ.P. 12(b) ("If [on a 12(b)(6) motion to dismiss,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .");

*Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998).

The statute of limitations issue raised by Defendants as to part of Count II of the complaint is an affirmative defense that a party typically must raise in a pleading under Fed. R. Civ. P. 8(c) and is not usually an appropriate ground for dismissal.[1]  *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002).  However, dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996).  *See* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 714 (3rd ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which

---

[1] The administrative exhaustion claim raised by Defendants with respect to Count II is not an affirmative defense.  The Court of Appeals of Maryland has not addressed this issue, but the administrative exhaustion requirement has been analyzed as an issue on which a plaintiff bears the burden of proof.  *See Rachel-Smith v. FTData, Inc.*, 247 F.Supp.2d 734, 743-44 (D.Md. 2003). Like the notice provision of the Maryland Local Government Tort Claims Act, Md. Code Ann. Cts. & Jud. Proc. § 5-304, the administrative exhaustion requirement is a condition precedent to bringing an action alleging a violation of county law.  *See Renn v. Bd. of Comm'rs of Charles County*, 352 F.Supp.2d 599, 602 (D.Md. 2005) (quoting *Grubbs v. Prince George's County*, 267 Md. 318, 320-21 (1972)).  A plaintiff is under a burden to plead such required notice that is a condition precedent to a cause of action in her complaint.  *Id.* (quoting *Madore v. Balt. County*, 34 Md.App. 340, 342 (Md.Ct.Spec.App. 1976)).

7

the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

**B.  Negligent Hiring, Retention, and Supervision (Count I)**

In Count I of the complaint, Plaintiff alleges that Defendants were negligent in hiring, supervising, retaining, and training employees, resulting in emotional harm and lost wages to Plaintiff because of race discrimination committed by employees at Hair Cuttery salons in Chevy Chase and College Park, Maryland. (Paper 2, at 2-3, 6).  Defendants argue that Plaintiff has failed to plead the elements of the tort claim she asserts, that Plaintiff's claims for emotional damages are not cognizable in a negligence action under Maryland law, and that Plaintiff's pleading does not support her claim for punitive damages.

Maryland recognizes a claim for negligent hiring and would also likely recognize a claim for negligent training. *Williams v. Cloverland Farms Dairy, Inc.*, 78 F.Supp.2d 479, 484 (D.Md. 1999) (citing *Evans v. Morsell*, 284 Md. 160 (1978); *Giant Food, Inc. V. Mitchell*, 334 Md. 633, 636-37 (1994)).  The Court of Special Appeals of Maryland considered a claim of negligent hiring and supervision based on alleged sexual harassment of a female employee by male co-workers in *Penhollow v. Bd. of Comm'rs for Cecil County*, 116 Md.App. 265 (Md.Ct.Spec.App. 1997).  In that context, the Court of Special Appeals set out the elements of the tort:

> In order to establish a claim for negligent hiring or retention, a plaintiff must prove

> that the employer of the individual who committed the allegedly tortious act owed a duty to the plaintiff, that the employer breached that duty, that there was a causal relationship between the harm suffered and the breach of the employer's duty, and that the plaintiff suffered damages.

*Id.* at 295 (citing *Cramer v. Hous. Opportunities Comm'n*, 304 Md. 705, 712-14 (1985)).

Defendants assert that Plaintiff has not alleged that Defendants' were under any cognizable duty to prevent her from being denied service by their employees based on her race. In *Penhollow*, the court did not reach the question of whether an employer owes a duty to screen or train employees to prevent sexual harassment, because a Maryland statute granted the county supervisors immunity from suit under the circumstances of the case. *Id.* at 294-95. An employer does bear a duty to the public to inquire into an employee's fitness before hiring that individual.

> Where an employee is expected to come into contact with the public, . . . it has been held that the employer must make some reasonable inquiry before hiring or retaining the employee to ascertain his fitness, or the employer must otherwise have some basis for believing that he can rely on the employee. . . . The nature and extent of the inquiry that is needed will naturally vary with the circumstances.

*Evans*, 284 Md. at 166-67 (citing *Kendall v. Gore Props.*, 236 F.2d 673, 677-78 (D.C.Cir. 1956)). Furthermore, this court previously predicted that Maryland would recognize a duty to take reasonable steps to protect customers from intentional race discrimination by

9

employees in violation of 42 U.S.C. § 1982. *Williams*, 78 F.Supp.2d at 484. Whether employers are under a duty to take reasonable measures to hire, train, supervise, and retain employees to prevent racial discrimination and to provide services to all races appears to be an unsettled question of Maryland law. This issue may require certification to the Court of Appeals of Maryland if Plaintiff's negligence claim proceeds to trial.

Defendants also argue that Plaintiff has not plead the elements of breach of duty and causation. Plaintiff alleges that Defendants failed to take reasonable steps to hire employees willing and capable of serving clients of all races and failed to train employees to provide services to all races. The complaint alleges specific acts and omissions by Defendants related to hiring, retention, training, and supervision of employees. (Paper 2, at 6). These allegations are sufficient, at this early stage of the litigation, to establish a breach of duty, assuming that such a legal duty exists.[2] Likewise, Plaintiff's allegations concerning Defendants' hiring practices and failure to train are adequate to support both factual and proximate causation at this early stage of

---

[2] In her opposition to Defendants' motion to dismiss, Plaintiff also argues that Defendants violated a federal anti-discrimination statute, 42 U.S.C. § 1981, which guarantees all citizens the right to make contracts and enjoy all contractual benefits regardless of race. Plaintiff argues that this statutory violation constitutes evidence of negligence. Plaintiff's allegations of negligence are adequate without considering this argument.

10

the litigation. Plaintiff has adequately alleged that the failure to hire and train employees capable of serving salon clients of all races was the cause of the Hair Cuttery employee's professed inability to style her hair. Likewise, such an inability is a foreseeable consequence of not hiring employees capable of serving clients of different races or providing adequate training to allow such service.

Finally, Defendants assert that Plaintiff has not suffered any cognizable damages from any discrimination, and seek dismissal of Plaintiff's claims for emotional damages and punitive damages. Defendants argue that Plaintiff's claims for emotional damage really assert a claim of negligent infliction of emotional distress, a tort not recognized in Maryland.

Maryland recognizes claims for emotional damages in two contexts. A claim for emotional damages can be pled as the tort of intentional infliction of emotional distress. This tort, among other elements, requires that the defendant's action be either intentional or reckless.[3] *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000); *Hamilton v. Ford Motor Credit Co.*, 66 Md.App 46,

---

[3] A claim of IIED has four elements: "(1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; (4) [t]he emotional distress must be severe.".
*Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000) (quoting *Harris v. Jones*, 281 Md. 560, 566 (1977)).

11

63 (Md.Ct.Spec.App.), *cert. denied* 306 Md. 118 (1986). Emotional damages can also be recovered in a cause of action based on ordinary negligence, but only when the emotional harm is objectively verifiable and adequately foreseeable. *Dobbins v. Wash. Suburban Sanitary Comm'n*, 338 Md. 341, 347-48 (1995). Allegations of "sadness, anger, humiliation, embarrassment, [and] stress" are not objectively verifiable and do not satisfy this physical manifestation rule, but allegations of frequent headaches and vomiting caused by mental stress are sufficient. *Hoffman v. Stamper*, 385 Md. 1, 32-33, 38 (2005).

   Plaintiff has not adequately pled her claim for emotional damages. Plaintiff's complaint does not allege that Defendants' conduct in hiring, training, supervising, and retaining employees was reckless or intentional with respect to the risk of racially discriminatory action by the employees. Furthermore, the harm claimed by Plaintiff is also insufficiently concrete and objectively verifiable to be claimed under the negligence tort. Plaintiff alleges that "Defendants' treatment of [P]laintiff was improper and unacceptable, and caused Plaintiffs [sic] to suffer severe and extreme emotional distress and anguish. Plaintiff was extremely embarrassed, felt belittled and was otherwise injured and damaged." (Paper 2, at 6). Plaintiff's claims for emotional harm will be dismissed.

Plaintiff's claims for punitive damages under Count I also fail. It is well settled that Maryland recognizes claims for punitive damages in a tort action only if the wrongful conduct was undertaken with actual malice, and actual malice must be proven by clear and convincing evidence. *Bowen v. Clador, Inc.*, 350 Md. 4, 23-24 (1998). Actual malice includes "conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud." *Id.* at 23. (quoting *Scott v. Jenkins*, 345 Md. 21, 33 (1997)). Actual malice cannot be implied from gross negligence or inferred from an element of the tort. *Id.* Although racial animus can be sufficient to satisfy the requirement of actual malice, "[t]here must be a connection between the form of actual malice that is alleged by the party seeking punitive damages and the elements of the tort or torts that form the basis of the claim." *Tierco Md., Inc. v. Williams*, 381 Md. 378, 415 n.29 (2004). In *Tierco*, the Court of Appeals of Maryland concluded that even if amusement park ride operators refused to allow one plaintiff onto a ride based on racial animus, this racial animus could not serve as actual malice to support punitive damages in Plaintiff's claims that the park's security guards subsequently committed tortious false imprisonment, assault, and battery. The case was remanded for a new trial, but the court cautioned that punitive damages would be appropriate only if the park security officials who allegedly committed intentional torts against Plaintiffs acted with

13

actual malice. *Id.* Here, Plaintiff has not alleged that the asserted tortious conduct, Defendants' allegedly negligent hiring, retention, supervision, and training of employees, was undertaken due to racial animus. Instead she alleges only that Defendants acted negligently. (Paper 2, at 6). Even if Defendants' employees refused to style Plaintiff's hair because of racial animus, punitive damages against Defendants based on Count I would not be justified. The employees' actions and motivations are not connected to the negligent acts of hiring, supervision, training, and retention alleged as the basis for Count I. *See Tierco*, 381 Md. at 415 n.29.

Count I cannot be entirely dismissed due to lack of damages, however, because, in addition to emotional harm, Plaintiff also alleges lost time at work as a result of Defendants' conduct. (Paper 2, at 3). Unlike Plaintiff's claim for emotional damages, lost wages because of lost time at work is a concrete economic injury compensable in a negligence action. Plaintiff's claims for damages under Count I will be limited to her claim for lost wages due to "lost time from work" caused by the alleged refusal of service as the Hair Cuttery salon in College Park, Maryland in November 2004. (Paper 2, at 3).

**C. Violation of County Codes (Count II)**

Count II of Plaintiff's complaint alleges that Defendants discriminated against Plaintiff in violation of anti-discrimination

14

ordinances enacted by Prince George's County and Montgomery County, Maryland. Defendants argue that a private cause of action for violations of these county anti-discrimination ordinances is created only by a Maryland statutory provision, Md. Ann. Code art. 49B, § 42, which also requires exhaustion of administrative remedies and establishes a limitations period. They contend that Count II must be dismissed because Plaintiff has failed to exhaust her administrative remedies and is outside the limitations period.

In 1990, the Court of Appeals of Maryland held that a Montgomery County ordinance creating a private cause of action for employment discrimination was beyond the county's authority under the home rule provisions of the Maryland Constitution. *McCrory Corp. v. Fowler*, 319 Md. 12, 24 (1990), *superceded by statute on other grounds*, Md. Ann. Code art. 49B, § 42, *as recognized in* 379 Md. 278, 292 (2004).

> In response [to *McCrory Corp.* and a similar case in Howard County,] . . ., the General Assembly enacted Art. 49B, § 42 [, which] . . . provides that, in Montgomery, Prince George's, and Howard Counties, "a person who is subjected to an act of discrimination prohibited by the county code may bring and maintain a civil action against the person who committed the alleged discriminatory act for damages, injunctive relief, or other civil relief."

*Edwards Sys. Tech. v. Corbin*, 379 Md. 278, 292 (2004). Md. Ann. Code art. 49B, § 42 allows a private cause of action based on a violation of county anti-discrimination ordinances in three

15

counties; it also sets a limitations period and requires the filing of an administrative complaint before bringing suit. Section 42 provides, in its entirety:

> (a) In Montgomery County, Prince George's County, and Howard County, in accordance with this subtitle, a person who is subjected to an act of discrimination prohibited by the county code may bring and maintain a civil action against the person who committed the alleged discriminatory act for damages, injunctive relief, or other civil relief.
>
> (b)(1) An action under subsection (a) of this section shall be commenced in the circuit court for the county in which the alleged discrimination took place not later than 2 years after the occurrence of the alleged discriminatory act.
>
> (2) Subject to the provisions of paragraph (1) of this subsection, an action under subsection (a) of this section alleging employment or public accommodation discrimination may not be commenced sooner than 45 days after the aggrieved person files a complaint with the county agency responsible for handling violations of the county discrimination laws.
>
> (3) Subject to the provisions of paragraph (1) of this subsection, an action under subsection (a) of this section alleging real estate discrimination may be commenced at any time.
>
> (c) In a civil action under this section, the court, in its discretion, may allow the prevailing party reasonable attorney's fees, expert witness fees, and costs.

Defendants contend that the limitations period imposed by section 42(b)(1) and the requirement of an administrative complaint in section 42(b)(2) bar Plaintiff's claims for discrimination both in Montgomery County and Prince George's County. Plaintiff claims

16

that she was denied service at a Hair Cuttery salon in Montgomery County, Maryland on approximately March 12, 2004, and was also denied service at a Hair Cuttery salon in Prince George's County, Maryland, in November 2004.  Plaintiff filed this action on April 5, 2006.  It is plain from the face of Plaintiff's complaint that any action based on alleged discrimination in Montgomery County in March 2004 would be time barred, because Plaintiff did not file this action until April 2006, more than two years later.  Dismissal under Fed.R.Civ.P. 12(b)(6) as to this claim is therefore proper. *Brooks*, 85 F.3d at 181.  Plaintiff's allegation of discrimination in violation of the Prince George's County Code in November 2004, however, is not time barred, because Plaintiff commenced this case within the requisite two-year period.

Defendant argues that Plaintiff has also failed to exhaust administrative remedies, as required by Md. Ann. Code art. 49B § 42(b)(2), before bringing suit for race discrimination in public accommodations in violation of the Prince George's County Code. The administrative complaint required by section 42(b)(2) is a condition precedent to brining a suit under section 42, *Rachel-Smith*, 247 F.Supp.2d at 743-44, and notice that is a condition precedent must be pled in a plaintiff's complaint.  *See Renn*, 352 F.Supp.2d at 602.  Plaintiff's complaint and amended complaint fail to mention any administrative complaint filed in Prince George's county.  Furthermore, Plaintiff admits that she did not notify

17

Prince George's County Human Relations Commission of her claim until after her opposition to Defendants' motion to dismiss was filed, on June 19, 2006. (Paper 19, at 1). She also admits that her complaint was not accepted by the commission because it was beyond the county's statute of limitations for such an administrative complaint. (*Id.*).

Plaintiff argues that an administrative complaint raised after the one-year time for filing such a complaint under the Prince George's County Code satisfies the requirements of Md. Ann. Code art. 49B, § 42(b)(2). Even if this were correct, however, section 42(b)(2) requires that "an action under subsection (a) of this section alleging employment or public accommodation discrimination *may not be commenced sooner than 45 days after* the aggrieved person files a complaint with the county agency responsible for handling violations of the county discrimination laws." (Emphasis added). Plaintiff has failed to plead that any administrative complaint was filed prior to bringing this suit, and indeed admits that no administrative complaint was filed in Prince George's County until after the commencement of this action. Therefore Plaintiff's claim under Count II will be dismissed.

**D. Class Action Allegations (Count III)**

Count III of Plaintiff's complaint, entitled "Class Action Allegations," does not state an independently cognizable claim for relief. In this section of the complaint, Plaintiff asserts the

18

factual predicate for bringing this case styled as a class action. It is not necessary to decide at this stage whether class action status is appropriate because Plaintiff has not yet moved for class certification under Fed.R.Civ.P. 23.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion to amend the complaint will be granted.  Defendants' motion to dismiss will be granted with respect to Count II and to a portion of Count I, but denied otherwise.  A separate Order will follow.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```