```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
LILLY FENNER
                                    :

     v.                             :  Civil Action No. DKC 2006-1259

                                    :
CREATIVE HAIRDRESSERS, INC.,
ET AL.                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this race discrimination case is the motion by Defendants Creative Hairdressers, Inc. and Ratner Companies to dismiss count III of Plaintiff's second amended complaint as a sanction for Plaintiff's failure to comply with local rules and this court's Orders. (Paper 35). In addition, to the extent that Plaintiff's second amended complaint (papers 33 & 34) includes new factual allegations not asserted in the original complaint or amended complaint, the second amended complaint will be construed as a motion for leave to amend. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion to dismiss will be denied, Plaintiff's motion to amend the complaint will be granted, and Defendants will be directed to respond to the second amended complaint within 10 days.

**I. Background**

Plaintiff, an African-American, alleges that she was denied service at two Hair Cuttery salons based on her race. She asserts

a race discrimination claim under 42 U.S.C. § 1981 and a state law claim for negligence in hiring, retention, and training. Plaintiff filed her initial complaint, couched as a class action, in the Circuit Court for Prince George's County, Maryland, on April 5, 2006. The case was removed to this court by Defendants on May 17, 2006, based on diversity of citizenship. Plaintiff filed a motion for leave to amend the complaint, on August 10, 2006, to add a third substantive count alleging a claim under 42 U.S.C. § 1981, but failed to file a redline copy of the amended complaint or a complete copy of the text of the amended complaint. By Order entered December 1, 2006, the court dismissed count II of the original complaint and dismissed Plaintiff's claims for punitive and emotional damages in count I, the negligence claim. The court also directed the Clerk to file Plaintiff's proposed amended complaint as an amended complaint, and directed Plaintiff to incorporate the text of the amended complaint with the text of the original complaint and to produce clean and redline copies in compliance with Local Rule 103.6(c) within 14 days.

On January 4, 2007, Defendants filed a motion to dismiss (paper 28) for failure to prosecute because Plaintiff had failed to file clean and redline copies of the amended complaint as directed by the court's December 1, 2006 Order. Plaintiff responded to this motion on January 22, 2007, notifying the court that she had not received a copy of the court's Order, and requesting an extension

of time to comply with the Order.  By Order entered January 23, 2007, the court granted Plaintiff's request for an extension of time and directed Plaintiff to file the clean and redline copies of the amended complaint by January 26, 2007.  Also on January 23, 2007, Plaintiff attempted to file an amended complaint but this document was rejected (paper 32).  Plaintiff filed clean and redline copies of her second amended complaint on January 25, 200. (Papers 33 & 34).  Defendants filed the pending motion to dismiss on January 29, 2007.

## II. Motion to Dismiss

### A. Standard of Review

Defendants move to dismiss count III of Plaintiff's second amended complaint pursuant to Fed.R.Civ.P. 41(b), as a sanction for failure to comply with local rules and this court's Orders.  Rule 41(b) provides that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."  The United States Court of Appeals for the Fourth Circuit has instructed that:

> the sanction of dismissal, when used to punish attorney misbehavior, is only appropriate in the most egregious cases.  In order to insure that sanctions be fixed in proportion to the severity of a party's or lawyer's misconduct, this court has laid down a four-part analysis courts should consider before levying the sanction of dismissal. A court must balance: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice

3

>     caused the defendant, (3) the existence of a
>     drawn out history of deliberately proceeding
>     in a dilatory fashion, and (4) the existence
>     of sanctions less drastic than dismissal."

*Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (quoting *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (internal quotations omitted)).

The Fourth Circuit has, however, acknowledged that the four factors are "not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Ballard v. Carlston*, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990). The *Ballard* court affirmed a sanction of dismissal without considering the four factors, because "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from" cases setting out and suggesting a requirement of adherence to the four factors. *Id.* (citing *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986); *Davis v. Williams*, 588 F.2d 69, 71 (4th Cir. 1978)). The court reasoned that "[i]n view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.*

**B. Analysis**

Under the circumstances of this case, dismissal of count III of the second amended complaint is not an appropriate sanction for

the conduct of Plaintiff and Plaintiff's counsel.  Defendants identify four aspects of Plaintiff's conduct in this litigation that they assert violated this court's Orders or the local rules of the District of Maryland.  First, Defendants argue that Plaintiff failed to follow Local Rule 103.6(c) by filing the first motion to amend the complaint without a full clean copy or redline copy of the amended complaint.  Second, Defendants assert that Plaintiff disobeyed the court's December 1, 2006 Order by failing to file the clean and redline copies of the amended complaint required by that Order within fourteen days.  Third, Defendants contend that Plaintiff's second amended complaint violated both the court's December 1, 2006 Order and Local Rule 103.6(c) because the redline copy did not correctly identify all inserted and deleted text, it included new factual allegations not authorized by the court, and it contained claims for punitive and emotional damages that had been dismissed.  Finally, Defendants note that Plaintiff filed her opposition to the pending motion to dismiss on February 21, 2007, several days after the deadline for filing that paper had passed.

Although Plaintiff has repeatedly failed to conform fully to the requirements of the local rules for amended complaints and has added new factual allegations after her initial amended complaint without requesting leave of court, none of these violations rise to the level of egregiousness that would warrant dismissal, even of one count of the complaint, as a sanction.  *See Doyle*, 938 F.2d at

5

34. In this case, the court did not specifically warn Plaintiff that any conduct might result in dismissal of all or part of the complaint. Therefore, the special concerns identified by the Fourth Circuit in *Ballard*, 882 F.3d at 95, are not applicable here.

Each of the four factors identified by the Fourth Circuit in *Doyle*, 938 F.2d at 34, weighs against dismissal under the circumstances of this case. In considering the first factor, the degree of Plaintiff's personal responsibility, the court must consider the Plaintiff's ability to supervise her lawyer's conduct "with an eye to the realities of a client's practical ability to supervise and control his attorney's litigation conduct." *Id.* at 35 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Plaintiff may bear some personal fault with regard to the failings identified by Defendants, but none of these failings involve the kind of egregious and intentional dilatory or deceptive conduct that would justify dismissal as a sanction. The instances of noncompliance relied on by Defendants occurred over a relatively brief time period, and involved procedural deficiencies of filings made by Plaintiff's counsel. As such, these errors would likely be difficult for Plaintiff to detect or prevent, and this concern mitigates Plaintiff's personal responsibility to some degree. Most importantly, the errors identified by Defendants are not sufficiently egregious to justify dismissal. As a result,

Plaintiff cannot be blameworthy to a degree that would justify dismissal, and this factor weighs against dismissal.

The second factor, the prejudice suffered by Defendants, also weighs against dismissal, because defendants have suffered relatively little prejudice at this early stage in the litigation. As Defendants point out (paper 35, at 5 n.5) the purpose of Local Rule 103.6(c)'s redline requirement is to allow opposing parties and the court to identify "exactly what causes of actions Plaintiff is seeking to add to his complaint by way of [a] motion for leave to amend." *Papesh v. Am. Nat'l Can Co.*, 177 F.R.D. 344, 345 (D.Md.), *aff'd*, 129 F.3d 117 (4th Cir. 1997) (Unpublished Disposition), *cert. denied*, 523 U.S. 1061 (1998).  In this case, Defendants have already identified not just the § 1981 cause of action that Plaintiff seeks to add, which the court already addressed in its December 1, 2006 Memorandum Opinion and Order, but also the factual allegations Plaintiff has added.  As a result, Defendants cannot show prejudice from Plaintiff's failure to include redlines, beyond any additional time required to determine which factual allegations were new.  Because Defendants have not yet filed any responsive pleading, they also have not suffered any significant prejudice due to Plaintiff's inclusion of new factual allegations in the amended complaint.  Defendants will have a full opportunity to answer these new factual allegations, and the process of conducting discovery as to Plaintiff's previous

7

allegations has not yet begun. Furthermore, the delay in the prompt resolution of this action caused by Plaintiff's failure to file immediately a fully compliant amended complaint in response to the court's December 1, 2006 Order is not negligible, but is also not significant compared to the overall course of the litigation. Taken together, any prejudice suffered by Defendants has been minor, and does not justify dismissal as a sanction.

The third factor also weighs against dismissal because there is not a drawn out history of dilatory conduct. All of Plaintiff's amended complaints have failed to conform to local rules in some manner, and Plaintiff has missed two deadlines, one of which was corrected by a subsequent extension of time. These failings, however, are not the type of intentional and flagrant diliatory conduct for which the sanction of dismissal is appropriate.

Finally, the fourth factor weighs against dismissal because if Defendants had suffered significant prejudice from Plaintiff's conduct, the prejudice could easily be redressed, at this early stage of the litigation, by other sanctions, including a potential award of attorney's fees made necessary by the failure to comply fully with local rules and court orders. On balance, the factors weigh substantially against dismissal, and Defendants' motion to dismiss will be denied.

**III.  Motion to Amend Complaint**

To the extent that it raises new factual allegations outside the combined scope of the original complaint and the amended complaint approved by the Court's December 1, 2006 Order, Plaintiff's second amended complaint will be construed as a motion for leave to file Plaintiff's proposed second amended complaint. Pursuant to Fed.R.Civ.P. 15(a), after an initial amendment, which may be made without leave of court, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  "In fact, such leave 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)) (internal quotation and citation omitted).  The decision whether to grant leave to amend rests "within the sound discretion of the district court."  *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va.*, 985 F.2d 164, 167-68 (4th Cir. 1993) (noting that "the federal rules strongly favor granting leave to amend").

Under the circumstances of this case, there would be no prejudice to Defendants if Plaintiff is allowed to file the second

amended complaint. While Plaintiff has not fully complied with the redline requirements of Local Rule 103.6(c), Defendants have already invested the time necessary to discern which aspects of the proposed complaint are new, and has not yet filed an answer in this case. As a result, it should be no more difficult for Defendants to answer the second amended complaint including these new factual allegations than it would be to answer the complaint without them. Furthermore, there is no basis to infer that Plaintiff's failure to comply fully with local rules has resulted from bad faith, and Plaintiff specifically indicates that she has made a good faith attempt to comply with local rules and this court's Orders. (Paper 36, at 2). Finally, there is no basis to conclude that the changes to the complaint proposed by Plaintiff are futile.

Defendants also argue that they cannot formulate an answer to the second amended complaint, but based on Defendants' arguments in favor of dismissal, it is clear that Defendants have an adequate understanding of the allegations of the second amended complaint to formulate a responsive pleading. Accordingly, Defendants will be directed to respond to the second amended complaint within ten days.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be denied. Plaintiff's motion to amend will be granted, and

Defendants will be directed to respond to the second amended complaint within 10 days.  A separate Order will follow.

```
                            _____/s/_____
                            DEBORAH K. CHASANOW
                            United States District Judge
```